http://www.va.gov/vetapp16/Files4/1630391.txt

Citation Nr: 1630391 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 13-05 589 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia

THE ISSUES

1. Entitlement to a rating in excess of 50 percent for service connected dysthymic disorder.

2. Entitlement to a total disability rating based upon individual unemployability as a result of service-connected disability (TDIU).

REPRESENTATION

Veteran represented by: Georgia Department of Veterans Services

WITNESSES AT HEARING ON APPEAL

Veteran, mother and friend
ATTORNEY FOR THE BOARD

J. L. Burroughs, Associate Counsel

INTRODUCTION

The Veteran served on active duty from January 1992 to January 1995.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a February 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia.

In May 2016, the Veteran, his mother and a friend testified before the undersigned Veterans Law Judge (VLJ). A transcript of that hearing is associated with the claims file.

The issue of entitlement to service connection for hypertension (claimed as high blood pressure), to include as secondary to service connected dysthymic disorder has been raised by the record in March 2012 and May 2016 statements. This issue has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2015). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.

REMAND

The Veteran's most recent VA examination was conducted in October 2010. In written correspondence dated in March 2012 he asserted that his service connected dysthymic disorder had worsened. He reported suffering from increased nightmares, panic attacks, rage and insomnia. See March 2012 Statement in Support of the Claim. Furthermore on Board hearing in 2016, he testified to experiencing increased visual and auditory hallucinations, suicidal ideation and paranoia. The Board finds that the Veteran is entitled to a new VA examination as there is evidence that his condition may have worsened since the last examination. Snuffer v. Gober, 10 Vet. App. 400 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994); VAOPGCPREC 11-95 (1995).

As to the Veteran's claim for entitlement to a TDIU the Board finds that this claim is clearly inextricably intertwined to his claim for an increased rating. Thus, a decision on the claim at this time would be premature. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991).

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the severity of his service-connected dysthymic disorder. The electronic claims file should be made available for review and the review of records should be noted in the report. A history of the Veteran's disability should be obtained. The examiner must identify the current manifestation of the Veteran's psychiatric symptoms and include the frequency, duration, and severity of the symptoms. The examiner should also provide an opinion concerning the current degree of social and industrial impairment resulting from the service-connected psychiatric disability. 

The examiner should furnish a full description of the effects of his service-connected disability on the Veteran's ordinary activity which include employment.

Special attention is directed to the April 2016 letter from Dr. J. D., MD the Veteran's VA psychiatrist.

To the extent possible, the examiner should distinguish between any symptoms attributable to his dysthymic disorder and any attributable to other non-service connected psychiatric disorders, as well as identifying any overlap in symptoms.

The examiner should provide a rationale for all opinions provided. If the examiner is unable to provide an opinion without resorting to speculation, the examiner must explain why he or she is unable to provide an opinion without speculation, and sufficiently explain the reasons for that inability.

2. Following completion of the above, adjudicate the claims on appeal. If the benefits sought are not granted, issue a supplemental statement of the case and afford the Veteran and his representative an appropriate opportunity to respond. Thereafter, the case should be returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHAEL A. HERMAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).